IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENT WILLIAM JACOBY, ) | |
| AIS 291560, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:22-CV-696-MHT-CSC |
| ) | |
| WARDEN THOMPKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    Introduction**

Pro se Plaintiff Brent Jacoby, an inmate incarcerated at the Ventress Correctional Facility, filed this Complaint on December 12, 2022, using this court's standard form for actions brought under 42 U.S.C. § 1983.[1] He files suit against several prison officials at the Bullock Correctional Facility alleging they exhibited deliberate indifference to his health and safety by failing to (1) protect him from inmate assaults (2) house him under safe and sanitary conditions and (3) follow agency rules and regulations. Doc. 1 at 3–9. He requests trial by jury and seeks $500,000 in punitive damages from Defendants, jointly and severally in their individual capacities, and $3,000 a month for the rest of his life while imprisoned. *Id.* at 10.

---

[1] Although the Clerk stamped the Complaint "filed" on December 12, 2022, Plaintiff's certificate of service reflects he gave his complaint to an officer for placement in the prison's mail system on November 30, 2022. Doc. 1 at 10. *See Houston v. Lack,* 487 U.S. 266, 271–72 (1988); (finding that a pro se inmate's complaint is deemed filed under "the mailbox rule" the date he places it in the facility's mail system for delivery to the court).

Plaintiff also moves to proceed in forma pauperis under 28 U.S.C. § 1915(a). Doc. 2. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Motion (Doc. 2) be DENIED and that his Complaint (Doc. 1) be DISMISSED without prejudice.

## II. Discussion

Under 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on appeal in forma pauperis if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2] 28 U.S.C. § 1915(g). Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has held that a district court should dismiss a prisoner's complaint without prejudice when the court "denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id.*

---

[2] In *Rivera v. Allin*, 144 F.3d 719, 731 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

Plaintiff has filed numerous federal civil actions.[3] Court records establish that Plaintiff, while incarcerated or detained, was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a) in three or more cases or appeals which were dismissed as frivolous, malicious, or as failing to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The actions on which this Court relies in finding a § 1915(g) violation are: (1) *Jacoby v. Buncombe County Drug Treatment Program,* Case No. 1:09-cv-304-GCM (W.D. N.C. 2009) (failure to state a claim); (2) *Jacoby v. Jones,* Case No. 2:15-cv-543-MHT (M.D. Ala. 2018) (appeal frivolous); (3) *Jacoby v. Thomas,* Case No. 2:15-cv-367-MHT (M.D. Ala. 2018) (appeal frivolous); and (4) *Jacoby v. Jones,* Case No 2:15-cv-849-WKW (M.D. Ala. 2018) (appeal frivolous). This Court concludes these summary dismissals place Plaintiff in violation of 28 U.S.C. § 1915(g).

Plaintiff acknowledges that has filed three or more actions in federal court, while incarcerated, which puts him in violation of the "three strikes" provision of 28 U.S.C. § 1915(g). Doc. 1 at 2. According to Plaintiff, he has "3 strikes already under the Prison

---

[3] Plaintiff has filed 34 federal lawsuits since 2005, a majority of which he has filed in the federal courts of Alabama. *Available at https*://pacer.login.uscourts.gov. By 2015 Plaintiff had filed at least three complaints or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915. Since accumulating three strikes under the Prison Litigation Reform Act's ("PLRA") "three-strikes" provision, Plaintiff has initiated 16 civil actions in this Court. *See Jacoby v. Young*, Case No. 2:19-cv-1030-WHA-CSC (M.D. Ala. 2020), *Jacoby v. Waiver*, Case No. 2:19-cv-1034-WHA-CSC (M.D. Ala. 2020), *Jacoby v. Brundidge*, Case No. 2:19-cv-1062-WHA-CSC (M.D. Ala. 2020), *Jacoby v. Hall*, Case No. 2:19-cv-1067-MHT-CSC (M.D. Ala. 2023), *Jacoby v. Dunn*, Case No. 2:21-cv-344-WHA-CSC (M.D. Ala.), *Jacoby v. Gordy*, Case No. 2:21-cv-723-WHA-SMD (M.D. Ala.), *Jacoby v. West*, Case No. 2:21-cv-831-RAH-JTA (M.D. Ala.), *Jacoby v. Dunn*, Case No. 2:21-cv-843-WKW-CWB (M.D. Ala. 2022), *Jacoby v. Wexford Health Sources, Inc.*, Case No. 2:22-cv-170-SMD (M.D. Ala. 2023), *Jacoby v. Hamm*, Case No. 2:22-cv-391-WKW-JTA (M.D. Ala.), *Jacoby v. Kidd*, Case No. 2:22-cv-393-MHT-CSC (M.D. Ala.), *Jacoby v. Peavy*, Case No. 2:22-cv-411-WHA-SMD (M.D. Ala.), *Jacoby v. Thompkins*, Case No. 2:22-cv-696-MHT-CSC (M.D. Ala.), *Jacoby v. Hamm*, Case No. 2:22-cv-711-MHT-CSC (M.D. Ala. 2023), *Jacoby v. Hamm*, Case No. 2:22-cv-712-MHT-CSC (M.D. Ala.), *Jacoby v. Siddiq*, Case No. 2:23-cv-14-MHT-JTA (M.D. Ala.).

Litigation Reform Act and can only file imminent danger claims." *Id.* Plaintiff writes that phrase in the caption of his Complaint implying this action constitutes an exception to the "three strikes" rule.[4] *Id.* at 1. This Court must therefore determine if Plaintiff's Complaint shows he was in "imminent danger of serious physical injury" at the time he filed this action.

In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). Plaintiff alleges that during his incarceration at Bullock he was housed under unsanitary conditions from October 26–30, 2022. Doc. 5–6. Plaintiff also alleges that inmates attacked him on November 1, 2, & 3, 2022, November 4 or 5, 2022, and November 9 or 10, 2022. *Id.* 1 at 5, 8.[5] Defendants, Plaintiff claims, exhibited deliberate indifference to his health and safety by housing him under unconstitutional conditions of confinement, failing to protect him from inmate assaults, failing to provide adequate security and staffing, and failing to follow agency regulations by not investigating his claims of assaults and not issuing disciplinary infractions to the inmates who assaulted him. *Id.* at 7–9. Finally, Plaintiff makes the

---

[4] On the first page of each of the 16 civil actions identified in footnote 2 of this Recommendation, Plaintiff has included the phrase "imminent danger claim." While Plaintiff has been permitted to proceed in some of those actions without prepayment of the filing fee, it appears at this juncture that the inclusion of that phrase is a calculated and deliberate attempt to circumvent the filing fee obligations under 28 U.S.C. § 1915 and the three strikes provision of 28 U.S.C. § 1915(g).

[5] On October 30, 2022, Plaintiff was released from suicide watch in H-Dorm and moved to another cell until October 31, 2022, when he was assigned to F-Dorm. Doc. 1 at 5–6. Because another inmate was on his assigned bed in F-Dorm, Plaintiff states he went to G-Dorm and found an open bed. *Id.* at 6. Plaintiff remained in G-Dorm where he alleges he was assaulted several times between November 1 and 4, 2022, *Id.* at. 5. On November 4, 2022, Plaintiff was taken back to F-Dorm by a guard "nice enough to come around." *Id.* at 7.

overarching claim that every day he remains at Bullock his life will be in imminent danger. *Id.* at 9. The record reflects Plaintiff is no longer incarcerated at Bullock.[6]

As Plaintiff has three strikes, he may not proceed in forma pauperis in this case unless he demonstrates that he was "under imminent danger of serious physical injury" at the time of filing this cause of action. 28 U.S.C. § 1915(g). *See O'Connor v. Sec'y, Fla. Dep't of Corr.*, 732 F. App'x 768, 770-771 (11th Cir. 2018) (explaining that the facts must not be asserted in a "vague or conclusory manner" and they must show that "at the time he filed his complaint," the plaintiff was "in imminent danger."). "General allegations . . . not grounded in specific facts . . . indicat[ing] that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Corr. Inst.*, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)); *Ball v. Allen*, 2007 WL 484547, at *2–3 (S.D. Ala. 2007) (internal quotation marks and citation omitted) (finding general allegations regarding a myriad of conditions, including claims of deliberate indifference, insufficient to satisfy the imminent danger exception and noting that "[p]laintiff's allegation that there is imminent danger to [his] health and wellbeing, is a conclusory allegation that merely demonstrates that plaintiff is a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends."); *Abdullah v. Migoya*, 955 F.Supp.2d 1300, 1307 (S.D. Fla. 2013) (finding that "[a] plaintiff must provide the court with specific allegations" demonstrating that he

---

[6] Although housed at Bullock when he filed the instant Complaint, during the pendency of this action Plaintiff was transferred to the Ventress Correctional Facility. *See* http://doc.state.al.us/InmateInfo.

was under "imminent danger [of] serious physical injury" at the time of filing his complaint.).

The Court has carefully reviewed Plaintiff's claims for relief. Based on this review, the Court finds the allegations made by Plaintiff fail to demonstrate he was "under imminent danger of serious physical injury" when he filed this Complaint as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits and seeks to proceed in forma pauperis must allege a present "imminent danger of serious physical injury" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that the imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat [of a serious physical injury] is real and proximate."). Consequently, under the circumstances of this case, Plaintiff cannot avoid the "three strikes" bar of 28 U.S.C. § 1915(g).

In light of the foregoing, the Court concludes that Plaintiff's motion for leave to proceed in forma pauperis is due to be denied and this case summarily dismissed without prejudice as Plaintiff failed to pay the requisite filing and administrative fees upon initiation of this suit. *Dupree*, 284 F.3d at 1236) (emphasis in original) (explaining that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the full filing fee at the time he *initiates* suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## III.     Conclusion

For these reasons, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Motion to proceed in forma pauperis (Doc. 2) be DENIED and the Complaint (Doc. 1) be DISMISSED without prejudice.

It is ORDERED that by **March 28, 2023**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Tr. Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 14th day of March 2023.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE